UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 5

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4422 CAS (CTx) | Date | October 24, 2011 |
|---|---|---|---|
| Title | RAMIN DELAVARI v. HANSON NGUYEN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   **(In Chambers:) Ex Parte Application to Set Aside Default Judgment and Related Relief** (filed 08/15/2011)

## I.   INTRODUCTION AND BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

On July 3, 2008, plaintiff Ramin Delavari ("plaintiff") filed a complaint in this Court against defendants Hanson Nguyen ("Nguyen"); ValueMD, LLC ("ValueMD"); and DOES 1 to 10 (collectively, "defendants"). The complaint alleges claims for (1) defamation/slander per se, (2) permanent injunction and (3) intentional infliction of emotional distress.

On February 26, 2009 and May 15, 2009, plaintiff filed requests for the clerk to enter defaults against defendants. The clerk denied both requests and gave plaintiff notice of deficiencies in plaintiff's proof of service. On August 29, 2009, plaintiff filed a third request for the clerk to enter defaults against defendants. On July 1, 2009, the clerk entered default as to Nguyen. On July 2, 2009, the clerk entered default as to ValueMD.

On October 15, 2009, plaintiff filed a motion for entry of default judgment against Nguyen and Value MD. On November 16, 2009, a hearing was held on plaintiff's motion. Defendants did not appear at the hearing and the Court ordered plaintiff to submit a supplemental brief. Plaintiff's supplemental brief was filed on December 8, 2009. On January 5, 2010, the Court granted plaintiff's motion for entry of default judgment, awarding plaintiffs $150,000 in damages against defendants, jointly and severally.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4422 CAS (CTx) | Date | October 24, 2011 |
|---|---|---|---|
| Title | RAMIN DELAVARI v. HANSON NGUYEN, ET AL. | | |

On August 15, 2011, defendants filed the instant ex parte application to set aside the default judgment. On September 7, 2011, plaintiff filed an opposition to the ex parte application. On September 9, 2011, defendants filed their reply. Defendants' ex parte application is presently before the court.

## II.   LEGAL STANDARD

Fed. R. Civ. Pro. 60(b) governs the relief of a party from final judgments, including default judgments. Pursuant to Fed. R. Civ. Pro. 60(b)(4), a court may set aside a default judgment where the judgment is void. Pursuant to Fed. R. Civ. Pro. 60(b)(6), a court may also set aside a default judgment for any other reason that justifies relief. A default judgment is void if the judgment violates a party's due process; lack of notice violates due process. Perata v. Heights Medical Ctr., Inc., 485 U.S. 80, 85 (1988).

Pursuant to Fed. R. Civ. Pro. 55(c), a default should be set aside for "good cause." Three factors are considered by the Court in determining whether "good cause" is present: (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice plaintiff. TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. Pro. 55(c) as for reviewing default judgments under Fed. R. Civ. Pro. 60(b)).

As a general rule, cases should be decided on the merits as opposed to by default, and therefore "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge Schwarzer, Judge Tashima & Judge Wagstaffe, The Rutter Group Guide: Federal Civil Procedure Before Trial, 6:11 (2009) (citing Pena v. Seguros La Comercial, S.A. 770 F.2d 811, 814 (9th Cir. 1985)). As such, the Court has broad discretion to overturn an entry of default. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945-46 (9th Cir. 1986). Nonetheless, it is the defaulting party's burden to demonstrate that a default judgment should be vacated. TCI Group Life Ins. Plan, 244 F.3d at 696.

## III.   DISCUSSION

In their ex parte application, defendants contend that plaintiff failed to provide notice to defendants Nguyen and ValueMD. App. at 10. This contention is supported by the declarations of Dong Nguyen ("Dong"), Nguyen's brother; Thu Pham ("Pham"),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4422 CAS (CTx) | Date | October 24, 2011 |
|---|---|---|---|
| Title | RAMIN DELAVARI v. HANSON NGUYEN, ET AL. | | |

Dong's wife; Peter J. Ghaleb ("Ghaleb"), President and COO of ValueMD; and Hansen Nguyen.

Defendants argue that plaintiff's proof of service on Nguyen, which states service was provided to "Mrs. Nguyen" at 1642 Pine Ridge Drive, Davenport, Florida 33896 ("Nguyen residence"), is invalid. Id. at 10–11. Nguyen argues that he is a single man and no person signing "Mrs. Nguyen" lives at the Nguyen residence. Id. at 11. Nguyen admits that his sister-in-law, Pham, resides at the Nguyen residence; however, Pham asserts that she does not use Nguyen's last name, and that in any event, she never received service. Id. at 11–12. Further, defendants argue plaintiff's proof of service on Value MD, which shows service to "Mrs. Nguyen, person in charge for Valuemed, LLC," is invalid for the same reasons. Id. at 11.

In opposition, plaintiff's attorney provides a declaration asserting that proper notice was given to both defendants using substituted service. Nehoray Decl. ¶ 9.

The Court finds defendants were never properly served. Therefore, the default judgment is void as infringing on defendants' right to due process. See Perata at 85. Further, the Court finds good cause to set aside the entry of default against defendants so that this case may be decided on the merits.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' ex parte application to set aside the default judgment and default. Plaintiff is hereby enjoined from any attempt to enforce the default judgment.

IT IS SO ORDERED

|  | 00 : 00 |
|---|---|
| Initials of Preparer | RS |